## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

| | |
|---|---|
| TRACEY BLAIR PHILLIPS,<br>Reg. #28882-001,<br><br>     Petitioner,<br>v.<br><br>JOHN P. YATES, Warden,<br>Federal Correctional Institution,<br>Forrest City,<br><br>     Respondent. | *<br>*<br>*<br>*<br>*    No. 2:23-cv-00100-JJV<br>*<br>*<br>*<br>*<br>* |

## **MEMORANDUM AND ORDER**

### I. INTRODUCTION

On October 6, 2011, in the United States District Court for the Northern District of Alabama, Tracey Blair Phillips ("Petitioner") entered a plea of guilty to the charge of Attempted Enticement of Minors to Engage in Sexual Activity. (Doc. No. 9-1.) He was sentenced to two hundred and ten (210) months' imprisonment followed by a life term of supervised release. (Doc. No. 9-1 at 3.) Mr. Phillips is currently serving that sentence at the Forrest City Federal Correctional Institution ("FCI Forrest City"). According to the Bureau of Prisons' calculation, Mr. Phillips' projected release date, based upon good conduct time credits, is January 10, 2025. (Doc. No. 9 at 1.)

Mr. Phillips brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. Nos. 1, 4.) Although the nature of his claims is somewhat difficult to discern, it appears that he brings two claims challenging the Bureau of Prisons' ("BOP") calculation of his sentence pursuant to the First Step Act. First, he asks this Court to compel the BOP to award him credit against his sentence for his participation in certain BOP programming. (Doc. No. 1 at 2.)

He next asks this Court to compel the BOP to release him to a halfway house or Residential Re-Entry Center. (*Id.*)

Respondent[1] has filed a Response to Mr. Phillips' Petition, asserting dismissal is appropriate due to Mr. Phillips' failure to exhaust his administrative remedies. (Doc. No. 9.) After careful consideration, I find Mr. Phillips' Petition must be DISMISSED without prejudice for failing to exhaust his administrative remedies.

## II. ANALYSIS

### a. The Exhaustion Requirement

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id.* (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id.* at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id.* at §

---

[1] The Clerk of the Court is directed to amend the docket to reflect the full and correct name of Respondent Chad Garrett, Warden, FCI Forrest City.

542.14(a).

Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

### b. Petitioner's Failure to Exhaust

Whether Mr. Phillips attempted to engage the Administrative Remedy Program to raise his First Step Act claims is unclear from the Petition. What is clear is Mr. Phillips' belief that because there is no language in the First Step Act requiring exhaustion, exhaustion of remedies "has no application with First Step Act claims." (Doc. No. 1 at 1.) But as Respondent points out, the United States Court of Appeals for the Eighth Circuit has determined that a prisoner must exhaust his administrative remedies prior to filing a Petition for Writ of Habeas Corpus with the Court. *See Mathena*, 577 F.3d at 946; *Chappel*, 208 F.3d at 1069. Likewise, the Supreme Court of the United States has determined that exhaustion is required, reasoning: "requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[2] *Jones v. Bock*, 549 U.S. 199, 204 (2007). Accordingly, Mr. Phillips was required to exhaust his

---

[2] In *Jones*, the Supreme Court of the United States was describing exhaustion in the Prison Litigation Reform Act ("PLRA") context. Although the PLRA does not apply to petitions of writs of habeas corpus, the rationale behind exhaustion under the PLRA offers insight into the exhaustion requirement in the habeas context for petitions brought under 28 U.S.C. § 2241. 18 U.S.C. § 1997e(a).

3

administrative remedies prior to filing his habeas petition in this case.

And it appears that Mr. Phillips failed to exhaust his administrative remedies regarding his First Step Act claims. He states that he did complete the first two steps in the BOP's process by submitting an informal request to staff and formal request to the warden, and received an unfavorable response from both. (Doc. No. 1 at 1-2.) But instead of proceeding to the third step in the process, an appeal to the Regional Director, he filed his Petition directly with the Court, reasoning that "judicial efficiency would be best used by the determination of this matter" instead of continuing through the BOP's process. (*Id*. at 2.) And that is where Mr. Phillips erred. For it is well settled that it is only after an inmate exhausts *each* step in the administrative remedy process that he can seek judicial review. *Wilson*, 503 U.S. at 335. Because Mr. Phillips, by his own admission, failed to do so here, dismissal is required.

That being said, I realize Mr. Phillips may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, as stated above, the exhaustion requirement plays a critical role in the remedy process for both the BOP and the inmates. *See Jones*, 549 U.S. at 204. And Mr. Phillips is commended for accruing a substantial number of programming days while incarcerated. (Doc. No. 9-2.) Although he understandably wants those programming days to translate into time credits that will result in early release, his continued participation in those programs will only benefit him when he is released. This is because the evidence-based recidivism reduction programs: (1) are backed by research demonstrating the programs' effectiveness in reducing recidivism; and (2) are "designed to help prisoners succeed in their communities upon release." 18 U.S.C. § 3635(3). Programming can include substance abuse treatment, mentoring, vocational training, and ethics classes. *Id*. Mr. Phillips will surely benefit from such programming.

And Mr. Phillips is free to begin the administrative remedy process regarding his time credit claims. But it is only after he completes *all* the steps that the BOP holds out, and does so properly so that the BOP addresses the issue on its merits, that can he seek judicial review. *Woodford*, 548 U.S. at 90. Because he failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his claims must be dismissed without prejudice.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find no issue on which Mr. Phillips has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

### IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Phillips' § 2241 Petition for Writ of Habeas Corpus (Doc. Nos. 1, 4) is DISMISSED without prejudice.

2. A certificate of appealability will not be issued.

3. The Clerk of the Court shall amend the docket to reflect the full and correct name of Respondent Chad Garrett, Warden, FCI Forrest City.

SO ORDERED this 26th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE